**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Isobel S. Lewis, on behalf of the United States of America, | ) ) ) | CASE NO. |
| Plaintiff/Relator, | ) ) | |
| vs. | ) ) | QUI TAM COMPLAINT |
| Atlantic Urology Clinics, LLC, Richard W. Young, M.D. and Kenneth Krzyzaniak, M.D., | ) ) ) ) | FILED UNDER SEAL<br><br>JURY DEMANDED |
| Defendants. | ) ) | |

Relator Isobel S. Lewis brings this qui tam action in the name of the United States of America, by and through her undersigned attorneys and alleges as follows:

SUMMARY INTRODUCTION

1.  This is an action by qui tam Relator Isobel S. Lewis, on behalf of the United States of America, against Defendants Atlantic Urology Clinics, LLC, Richard W. Young, M.D. and Kenneth Krzyzaniak, M.D. to recover penalties and damages arising from Defendants' submission of false claims seeking payment from the government. As more fully explained, Defendants submitted false claims for reimbursement to Medicare for work completed by Physicians Assistants and/or Nurse Practitioners billing the government at a provider rate for Defendants Richard W. Young, M.D. and Kenneth Krzyzaniak, M.D. where services were provided by Physicians Assistants and Nurse Practioners and where the services were not incident to the treatment plan initiated by Defendants Young and Krzyzaniak or any other physician. Moreover, the "fraudulent incident to" billing occurred for services rendered by

Nurse Practitioners where no physician was available and where the Plaintiff had not seen the physicians who billed.

## PARTIES

2. Plaintiff Isobel S. Lewis is a citizen and resident of the State of South Carolina.

3. Defendant Richard W. Young, M.D. is a citizen and resident of Horry County, South Carolina.

4. Defendant Kenneth Krzyzaniak, M.D. is a citizen and resident of Horry County, South Carolina.

5. Defendant Atlantic Urology Clinics, LLC is a corporation organized and existing pursuant to the laws of the State of South Carolina.

6. That Defendant Atlantic Urology Clinics, LLC has eleven (11) urology clinics throughout the Southeast and is a professional corporation.

7. That all treatment of the Plaintiff occurred at Atlantic Urology Clinics, LLC in the Myrtle Beach area.

## JURISDICTION AND VENUE

8. This action arises under the False Claims Act, 31 U.S.C. §§ 3729 et seq.

9. This Court maintains subject matter jurisdiction over this action pursuant to 31 U.S.C. §3732(a) (False Claims Act) and 28 U.S.C. § 1331 (Federal Question).

10. Venue is proper in this Court pursuant to 31 U.S.C. § 3732(a) because: (i) Defendant resides in this district; (ii) Defendant transacts business in this district and did so at all times relevant to this complaint; and (iii) Defendant committed acts proscribed by 31 U.S.C. § 3729—acts giving rise to this action—within this district.

11. Before filing this complaint, Plaintiff served a copy of same upon the United States of America, together with a written disclosure statement setting forth and enclosing all material evidence and information she possesses, pursuant to the requirements of 31 U.S.C. § 3730(b)(2).

12. Plaintiff has complied with all conditions precedent to bringing this action.

13. Furthermore, Plaintiff is the original source of, and has direct and independent knowledge of, all publicly disclosed information on which any allegation here might be deemed based, and has voluntarily provided such information to the Government before filing tis action.

## FACTUAL ALLEGATIONS

14. Plaintiff/Relator Isobel S. Lewis was a patient of Atlantic Urology Clinics, LLC and is a retired County employee.

15. Plaintiff/Relator Isobel S. Lewis was seen at Atlantic Urology Clinics, LLC on January 12, 2012 by a Nurse Practitioner.

16. Plaintiff/Relator Isobel S. Lewis used her Medicare coverage and had claim reference number 9681204104796.

17. Plaintiff/Relator Isobel S. Lewis received an explanation of benefits showing that she had received services from Richard W. Young, M.D.

18. Plaintiff/Relator Isobel S. Lewis did not see Richard W. Young, M.D. nor did she ever see Richard W. Young, M.D. on January 12, 2012 but saw a Nurse Practitioner.

19. On February 23, 2012 Plaintiff/Relator Isobel S. Lewis again presented at the offices of Atlantic Urology Clinics, LLC with reference number 9681209791823.

20. At that time, Plaintiff/Relator Isobel S. Lewis saw a Nurse Practitioner.

21. When Plaintiff/Relator Isobel S. Lewis received her billing from Medicare, she saw that the records indicated she had seen Kenneth Krzyzaniak, M.D.

22. That Plaintiff/Relator Isobel S. Lewis never saw Kenneth Krzyzaniak, M.D. but saw a Nurse Practitioner on February 23, 2012.

23. That upon review of the aforementioned bills, Plaintiff/Relator Isobel S. Lewis called Atlantic Urology Clinics to discuss the billing to Medicare and was not given any response by the billing department.

24. That the requested phone calls were made to Atlantic Urology Clinic in Horry County, South Carolina at Phone Number 843-347-8600.

25. That no explanations and offers to explain the billing were made to Plaintiff/Relator Isobel S. Lewis after her complaint about how Medicare was billed.

26. That Plaintiff/Relator Isobel S. Lewis is informed and believes that Atlantic Urology Clinics, LLC have eleven urology clinics throughout the southeast and that the billing that occurred to Isobel S. Lewis occurred to others in the same or similar fashion.

27. That Atlantic Urology Clinics, LLC employs numerous physicians throughout its service area.

28. By billing under Dr. Young's and Dr. Krzyzaniak's billing number, Medicare patients and the United States Government were defrauded as to each of those government programs because the reimbursement rate for physicians is higher than Nurse Practitioners.

29. In addition to overbilling, Defendants intentionally violated the "incident to" Medicare rule because the physician who drafted the treatment plan for Isobel S. Lewis did not see her.

...

30.     That further, the Defendants submitted medical bills to Medicare which were fraudulent and not appropriate pursuant to the "incident to" rules and regulations.

31.     That Plaintiff is informed and believes that because Atlantic Urology Clinics, LLC does currently own eleven clinics in the southeast that not only Plaintiff's billing is inappropriate but other patients such as Plaintiff throughout the system have been billed for services that they did not receive.

32.     That despite Plaintiff/Relator's questioning of the billing staff regarding the billing practices and how billing was performed Plaintiff has not received any satisfactory explanation.

FOR A FIRST CAUSE OF ACTION

(Violation of the False Claims Act)

33.     The Plaintiff/Relator realleges and reiterates the allegations contained in previous paragraphs as if fully restated herein verbatim.

34.     As described in this qui tam complaint, Defendants, by and though their officers, agents, and employees: (i) knowingly presented, or caused to be presented, to the United States Government, a false or fraudulent claim for payment or approval; and (ii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

35.     Specifically, Defendants submitted claims for reimbursement to Medicare, Medicaid and other government programs for services rendered by Nurse Practitioners when the services rendered to patients were not "incident to" a physician's treatment plan or services were "incident to" a physician's treatment plan, but no physician was available when the services were rendered or in the alternative billing occurred to doctors who the patient had never seen.

30.     That further, the Defendants submitted medical bills to Medicare which were fraudulent and not appropriate pursuant to the "incident to" rules and regulations.

31.     That Plaintiff is informed and believes that because Atlantic Urology Clinics, LLC does currently own eleven clinics in the southeast that not only Plaintiff's billing is inappropriate but other patients such as Plaintiff throughout the system have been billed for services that they did not receive.

32.     That despite Plaintiff/Relator's questioning of the billing staff regarding the billing practices and how billing was performed Plaintiff has not received any satisfactory explanation.

FOR A FIRST CAUSE OF ACTION

(Violation of the False Claims Act)

33.     The Plaintiff/Relator realleges and reiterates the allegations contained in previous paragraphs as if fully restated herein verbatim.

34.     As described in this qui tam complaint, Defendants, by and though their officers, agents, and employees: (i) knowingly presented, or caused to be presented, to the United States Government, a false or fraudulent claim for payment or approval; and (ii) knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

35.     Specifically, Defendants submitted claims for reimbursement to Medicare, Medicaid and other government programs for services rendered by Nurse Practitioners when the services rendered to patients were not "incident to" a physician's treatment plan or services were "incident to" a physician's treatment plan, but no physician was available when the services were rendered or in the alternative billing occurred to doctors who the patient had never seen.

36. Defendants authorized and ratified all the violations of the False Claims Act committed by its various officers, agents and/or employees.

37. The United States Government and the public fisc have been damaged as a result of Defendant's violations of the False Claims Act.

38. Plaintiff/Relator requests a jury trial on all issues so triable.

WHEREFORE, Plaintiff/Relator on behalf of herself and the United States Government prays:

(A) That this Court issue a judgment against Defendants in an amount equal to three times the amount of damages the United States has sustained as a result of Defendants' violations of the False Claims Act.;

(B) That this Court enter a judgment against Defendants for a civil penalty of $10,000 for each of Defendants' violations of the False Claims Act;

(C) That Relator recover all costs of this action, with interest, including the cost to the United States Government for its expenses related to this action;

(D) That Relator be awarded all reasonable attorney's fees in bringing this action;

(E) That in the event the United States Government proceeds with this action, Relator be awarded an amount for bringing this action of at least 15% but not more than 25% of the proceeds of the action.

(F) That in the event the United States Government does not proceed with this action, Relator be awarded an amount for bringing this action of at least 25% but not more than 30% of the proceeds of the action;

(G) That Relator be awarded prejudgment interest;

(H) That a trial by jury be held on all issues so triable; and

(I)  That Relator and the United States of America receive all relief to which either or both may be entitled at law or in equity.

               KELAHER, CONNELL & CONNOR, P.C.

               *s/Gene M. Connell, Jr.*
               Gene M. Connell, Jr. (Fed. I.D. No. 236)
               The Courtyard, Suite 209
               1500 U. S. Highway 17 North
               Post Office Drawer 14547
               Surfside Beach, South Carolina  29587-4547
               (843) 238-5648 (phone)
               (843) 238-5050 (facsimile)
               gconnell@classactlaw.net
               **Attorney for Plaintiff**

January 7, 2013
Surfside Beach, South Carolina.